Columbus Postal Employees Credit Union, Inc., Appellee, *v.* Mitchell et al., Appellants.

(Decided November 8, 1939.)

*Mr. Guy V. Fridley* and *Mr. Edward W. Erfurt, Jr.,* for appellee.

*Mr. John W. Wilson* and *Messrs. Williams, Williams, Klapp & Reynolds,* for appellants.

Geiger, J.   The action below was one by the plaintiff, appellee herein, against the defendants, appellants herein, on a promissory note.   The petition alleges that the plaintiff is a corporation and that the defendants signed a note in the sum of $823.04 payable to the plaintiff, defendants signing as comakers with one A. G. Powers.   The petition alleges that there is due on the note the sum of $1,069.75 with interest, for

which judgment is asked. The note is attached to the petition and is dated May 28, 1932, and is to the effect that A. G. Powers, as principal, and O. W. Mitchell and J. E. Gibson as comakers, promised to pay to the plaintiff the sum of $823.04 in monthly installments. There is an accelerating clause. The note further provides that the principal and comakers promise to pay all fines imposed in accordance with the by-laws of the credit union, the plaintiff. The note also provides that "if the holder hereof, after default, shall place this note in the hands of an attorney for collection, [the defendants agree] to pay an additional sum of 20 per cent of the aggregate of principal, interest," etc. Interest was payable on the note at the rate of one per cent per month.

The defendants filed a joint answer admitting that the plaintiff is a corporation and denying all other allegations. As a second defense they admit that at the request of the plaintiff they signed in blank, as sureties for Powers, a paper writing, and that the places in that writing for the date, amount and maturity of the purported note were not filled in; that defendants signed in blank upon the representation of the plaintiff that the same would be filled out for an amount not to exceed $500 and upon the representation that Powers was not then indebted to plaintiff. Plaintiff asserts that in truth and in fact Powers was then indebted to plaintiff in the sum of $400 and that Powers was in default for payment of principal and interest on a former note which was likewise signed by the defendants; that the paper writing so signed by the defendants was filled out by the plaintiff for the amount of $823.04 which included the amount for which Powers was theretofore indebted as well as an additional sum; and that it was represented that they were assuming no risk for the reasons stated.

As a third defense it is alleged that A. G. Powers signed the note as principal and the defendants as

sureties only, and that plaintiff, without the knowledge or consent of defendants, permitted Powers to remain in default, etc.

As a fourth defense it is alleged that the paper writing is for an amount in excess of $300 and stipulates for the payment of interest at a rate of one per cent per month together with charges in the event of default; that plaintiff has been licensed by the Department of Commerce to loan money, and to charge interest at a rate in excess of eight per cent; and that this authority and license so to loan money is subject to certain limitations, among them being the provision that no licensee upon any amount in excess of $300 shall directly or indirectly charge, contract for or receive any interest greater than at the rate of eight per cent per annum, including all charges, and that if interest in excess of that so permitted shall be charged, contracted for or received, the contract and all papers in connection therewith shall be void, and the licensee shall have no right to collect or receive any principal, interest or charges whatever. The defendants allege that the note is void.

To this a reply is filed specifically denying that the plaintiff is subject to the limitations of charging more than eight per cent as set out in the fourth defense.

A jury was waived and the court found in favor of the plaintiff for the entire amount claimed. The court in its opinion held that the defendants had failed to establish any of the defenses set up. Notice of appeal was given. The assignment of errors includes those generally asserted.

The defendants in their brief advance the argument that from the face of the note it appears that interest of one per cent per month was charged and it further appears that the note provided for payment of fines and expenses incurred in the collection of any sums so due and provided for the payment of an additional 20 per cent of the aggregate of the principal. It is

claimed that the plaintiff thus violated the provisions of Section 6346-1, General Code. Defendants assert that it was incumbent upon the plaintiff to make affirmative proof that it had a legal right to charge excess interest, and further that Section 6346-5a, General Code, has certain provisions which the plaintiff violated, and it is asserted that plaintiff was not licensed to charge over eight per cent per annum and that the instrument therefore was void.

The claim that plaintiff failed to prove its right to charge excessive interest is readily disposed of by the allegations of the answer of the defendants as set out in their fourth defense to the effect that the plaintiff has been licensed to loan money and to charge interest thereon at a rate in excess of eight per cent per annum. Defendants having admitted in their answer that plaintiff was so licensed, it was not incumbent upon the plaintiff to further prove it.

Section 6346-1, General Code, provides that loans upon chattels, etc., in excess of eight per cent per annum are illegal "without first having obtained a license so to do from the Commissioner of Securities and otherwise complying with the provisions of this chapter." Section 6346-5, General Code, provides for maximum charges allowed including interest and provides that no such licensee shall make a loan at a greater charge than three per cent a month except in certain instances and that no bonus, etc., shall be received for such loans except court costs. Section 6346-5a, General Code, provides that upon the amount in excess of $300 of principal no licensee shall charge or receive any interest or consideration greater than at the rate of eight per cent per annum, which shall include all charges. This section concludes:

"If interest, consideration or charges in excess of those permitted by this act shall be charged, contracted for or received, the contract and all the papers in connection therewith shall be void and the licensee

shall have no right to collect or receive any principal, interest or charges whatsoever.''

The case of *Capital Loan & Savings Co.* v. *Biery,* 134 Ohio St., 333, 16 N. E. (2d), 450, is to the effect that where a promissory note bearing interest at three per cent per month and a chattel mortgage are executed under the provisions of Section 6346-2, General Code, and such chattel mortgage authorizes the mortgagee, upon the note becoming due, to take possession of the property without process and dispose of it, the proceeds to be first applied to the costs of the sale and then to the principal, that such promissory note and chattel mortgage are void and such licensee has no right to collect any principal or charges whatsoever on such note or mortgage. Myers, J., delivering the opinion of the court, says on page 336 that the question is whether the provision of the chattel mortgage permitted charges not authorized by the statute, and, after reciting the provisions of the chattel mortgage, states, on page 337:

''Such charges are beyond the provisions of the statute here under consideration. They are charges beyond the inspection fee and the total charge of three per cent per month allowed to licensed dealers under the law.''

The court states on page 338:

''Section 6346-5, General Code, is rather explicit as to what may or may not be done by a licensed dealer. In granting a licensed dealer the extraordinary right to charge and collect three per cent per month, the statute clearly and unequivocally provides that there shall be no other charge * * *.''

The statute is further quoted and the opinion states:

''There is no ambiguity in the language used; nor does it need any clarification. Under this statute the stakes and lines are definitely set, marking the boundary beyond which the lender may not go. The note and chattel mortgage in the instant case are void.''

This is a very emphatic statement of the law as applied to notes contracting for some charge in addition to three per cent per month.

The note in question upon which suit was brought provides "with interest at the rate of one per cent per month on unpaid balances," and further provides that if the holder, after default, shall place the note in the hands of an attorney the defendants are required to pay an additional sum of twenty per cent of the aggregate of principal, interest and fines. It has long been held in Ohio that a contract to pay attorney's fees carried by a promissory note does not authorize such a charge to be made. However, it is a contract forbidden by Section 6346-5, General Code, which limits such charge to "court costs upon the actual foreclosure of the security or upon the entry of judgment." And Section 6346-5a, General Code, provides that if any charge in excess of those permitted by the act shall be *contracted for* the contract shall be void. That section also provides that no charge in excess of eight per cent per annum shall be made upon any sum in excess of $300, which was clearly done in this case if we are to give effect to the provision for twenty per cent to be paid in case of suit. It is also apparent that the plaintiff in this case has sought to charge one per cent per month on all sums for that part of the note which exceeds the minimum of $300 provided by the statute for which the heavy rate of interest may be charged. That payment is contracted for. The provision seems to be that for the smaller loans up to $300 a rate of three per cent a month may be charged, but that for sums in addition to that amount the rate is limited to eight per cent per annum, which shall include all charges.

Even though Section 6346-5, General Code, may definitely apply to cases in which the interest rate is three per cent per month and the interest rate in the present case is one per cent per month, yet it is difficult to

avoid the effect of *Capital Loan & Savings Co.* v. *Biery,*
*supra,* due to the fact that the rate provided in the note
is one per cent per month for the entire amount due,
and the amount due exceeds the permitted minimum
amount on which three per cent per month interest may
be charged by $523.04.

We therefore must arrive at the conclusion that
when the plaintiff disregards all provisions of these
drastic statutes it must bear the penalty provided, and
"the contract and all the papers in connection there-
with shall be void and the licensee shall have no right
to collect or receive any principal, interest or charges
whatsoever."

It may be urged that since Section 6346-5, General
Code, provides that no such licensee shall make a loan
at a greater total charge, including interest, than three
per cent per month, this invites a mathematical cal-
culation to ascertain whether, if the plaintiff had
charged three per cent per month on the first $300 of
the note now under consideration, and eight per cent
per annum on the balance, instead of one per cent per
month on the whole, the total interest burden would
have been within the permitted limit of the statute.
However, we do not feel that the matter can be so
treated. We must consider the note as a contract be-
tween the parties and are not at liberty to vary it.

We will lay aside for the moment our final conclu-
sion in this case and consider the other claims made
by the defendants. We have read the record in this
case and find that Powers, the principal, was the in-
dividual requesting the defendants to sign the note
in blank. They, trusting his representation, foolishly
affixed their names as joint makers to a paper where
the amount to be paid was blank. We do not find that
the plaintiff ever made any representation to the
defendants that the note was to be filled out for
an amount not to exceed $500, nor do we find that
the plaintiff misrepresented to the defendants that

Powers was not indebted to the plaintiff. They both knew they had signed a prior note and they both knew or should have known that that note had not been paid, and that if they signed their names in blank to a note that the plaintiff would fill in not only the unpaid balance but also the additional sum that Powers was then borrowing. The third paragraph of the syllabus of *Burke* v. *Jenkins,* 128 Ohio St., 86, 190 N. E., 238, affords them no protection, nor do the protective features of Section 8119, General Code, apply.

Their third defense alleges that they were sureties and that the plaintiff permitted Powers to remain in default without their knowledge. There is no evidence to support this defense. The plaintiff used every effort to collect the money from Powers but he absconded.

The fourth defense we have already passed upon and we arrive at the conclusion that under the very strict provisions of Sections 6346-5 and 6346-5*a*, General Code, the contract and all the papers in connection therewith are void and that the plaintiff has no right to collect or receive any principal, interest or charges whatever.

The judgment of the court below is reversed. This court coming now to render the judgment that should have been rendered on the evidence, finds against the plaintiff and in favor of the defendants. Judgment may be entered accordingly.

*Judgment reversed.*

HORNBECK, P. J., and BARNES, J., concur.