4

(No. 87 CVF 995—Decided January 15, 1988.)

Elyria Municipal Court.

*Russell A. Sherman,* for plaintiff.
*Legal Aid Society of Lorain County* and *Richard K. Schwartz,* for defendants.

FERGUSON, J. This cause came on to be heard upon defendants' motion for summary judgment, the pleadings with attached exhibits, answers to interrogatories, requests for admissions and briefs of both parties.

On April 3, 1987, plaintiff, Household Realty Corporation, filed a small claims petition against defendants, Thomas and Juanita Dowling, for $671.89 on an account four months past due. Plaintiff is registered under R.C. 1321.51 (Ohio Mortgage Loan Act) to make second mortgage loans. The account in question arose out of a second mortgage loan on defendants'

real estate dated August 2, 1982, in the principal amount of $3,468.33 with finance charges of $2,084.93 for total loan payments of $5,553.26 consisting of forty-eight payments of $115 at a 24.992 annual percentage rate of interest.

Defendants' request for transfer to the regular docket was granted. Defendants filed a counterclaim claiming double the finance charges and the difference in interest between twenty-five percent and eight percent.

During the pendency of this action, the account was satisfied in full on September 24, 1987, leaving only defendants' counterclaim.

The written loan agreement contains the following provision:

"FAILURE TO PAY. If I don't pay on time or fail to keep any required insurance in force, all my payments may become due at once, and without notifying me before bringing suit, you may sue me for the total amount I owe, less the unearned Finance Charge I would receive if I fully prepaid on the date of judgment. *I will also pay any costs, including attorney fees, that you incur to collect this debt or realize on any security, which are included in any judgment against me."* (Emphasis added.)

Plaintiff is registered under R.C. 1321.51 *et seq.* and therefore is entitled to charge up to a twenty-five percent annual percentage rate of interest. With this privilege comes limitations.

R.C. 1321.57 sets forth the interest and charges plaintiff may make and reads in part as follows:

"(H) In addition to the interest and charges provided for by this section, no further or other amount, whether in the form of brokerage or placement fees or any other form whatsoever, shall be charged, contracted for, or received by the registrant * * *."

R.C. 1321.56 sets forth the penalty

for a violation of R.C. 1321.57 and reads as follows:

"Any person who willfully violates section 1321.57 of the Revised Code shall forfeit to the borrower twice the amount of charges contracted for, unless a greater forfeiture is required by another law applicable to the transaction, in which case the registrant shall forfeit the greater amount required by such other law. The maximum rate of interest applicable to any loan transaction which does not comply with all provisions of section 1321.57 of the Revised Code shall be the rate which would be applicable in the absence of sections 1321.51 to 1321.60, inclusive, of the Revised Code."

The gist of defendants' counterclaim is that plaintiff violated R.C. 1321.57 by contracting for attorney fees and is therefore subject to R.C. 1321.56. Defendants admit that plaintiff did not receive any attorney fees, but did contract for them by reason of the aforesaid provision in the loan agreement.

Our research does not disclose any case directly on point. There are no annotations under R.C. 1321.57. Neither plaintiff's nor defendants' counsel has provided the court in their briefs with any case directly on point. 9 Ohio Jurisprudence 3d (1979), Banks, Section 543 ("Regulation of second mortgage lenders"), at 482, 483, does not provide any help. It merely reads in part as follows:

"Charges permitted to be made by second mortgage lenders are set forth by statute, and it is provided that any person who violates the provision as to maximum charges shall forfeit to the borrower twice the amount of charges contracted for." (Footnotes omitted.) *Id.* at 483.

Defendants cite several cases under the Small Loan Act and, by analogy, argue that the provision for attorney fees violates the Ohio Mortgage Loan Act (R.C. 1321.51 to 1321.60). For example, in *Columbus Postal Emp. Credit Union, Inc.* v. *Mitchell* (1939), 62 Ohio App. 343, 16 O.O. 47, 23 N.E. 2d 989, the Franklin County Court of Appeals held that a provision in a note for twenty percent additional fees if the note was placed in the hands of an attorney for collection violated the Small Loan Act and "the payee of the note forfeits the right to collect or receive any principal, interest or charges whatsoever under said contract." *Id.* at the syllabus.

The Supreme Court of Ohio in *Capital Loan & Savings Co.* v. *Biery* (1938), 134 Ohio St. 333, 12 O.O. 128, 16 N.E. 2d 450, held that where a note delivered to a dealer licensed under the Small Loan Act (G.C. 6346-2) contained charges in excess of those permitted by law, then "such promissory note and chattel mortgage are void, and such licensee has no right to collect any principal, interest or charges whatsoever on such promissory note or chattel mortgage." *Id.* at paragraph one of the syllabus.

In both cases the results seem extremely harsh in that both courts prohibited the lender from collecting any principal, interest or charges. However, the court merely followed the clear wording of the statutes.

In the case at bar, the statute (R.C. 1321.57[H]) clearly states that "no further or other amount [including attorney fees] * * * shall be charged, contracted for, or received by the registrant * * *."

The written loan agreement clearly contains a provision for the payment of attorney fees.

Plaintiff argues that attorney fees were not contracted for because the provision states that only attorney fees included in a judgment were contracted for. Plaintiff cites *Neubauer* v. *Kender* (1986), 32 Ohio App. 3d 49, 513

N.E. 2d 1359, in support of its argument. This case is not relevant because it does not pertain to a loan agreement. It pertains to a court-imposed sanction as a condition for vacating a judgment. Under current Ohio law there is no provision for collecting attorney fees in connection with a lawsuit to collect a debt or realize on any security. Hence, there is no valid reason for plaintiff to have inserted this provision in its loan agreement.

The court finds that there is no genuine issue as to any material fact and that the aforesaid provision in the second mortgage loan agreement is in violation of R.C. 1321.57. Defendants' motion for summary judgment is therefore granted.

Having found the loan agreement to be in violation of R.C. 1321.57, the court is required to follow the clear dictates of the law, namely, R.C. 1321.56.

The finance charge as set forth in the agreement is $2,084.93. Double this amount is $4,169.86.

The interest rate on August 2, 1982, was eight percent in the absence of R.C. 1321.51 to 1321.60: $2,084.93 x .08 = $667.39. .24992

The difference between the finance charge of $2,084.93 in the agreement and what the finance charge would have been at eight percent, $667.39, is $1,417.54. Pursuant to R.C. 1321.56, defendants are therefore entitled to $5,587.40 computed as follows:

Twice the amount of finance charges contracted for . . . . . . . . . . $4,169.86
The difference between the finance charge at 24.992 percent versus 8 percent . . . . . . . . . . . 1,417.54
$5,587.40

It is not the function of the court to legislate. If the legislature chose to impose severe penalties for violating R.C. 1321.57, it intended to protect the consumer and deter registrants under the Ohio Mortgage Loan Act from charging, contracting for or receiving any charges not listed in R.C. 1321.57.

Plaintiff's small claims petition is dismissed due to satisfaction in full.

Judgment is hereby rendered on defendants' counterclaim in favor of defendants and against plaintiff in the sum of $5,587.40 with ten percent statutory interest from the date of judgment, plus court costs. Copy to parties.

*Judgment accordingly.*