George MANN, Plaintiff,

v.

William Terrell EDWARDS, Defendant.

Civ. A. No. 4900.

United States District Court
W. D. South Carolina,
Greenwood Division.

May 21, 1965.

Gerald R. Clay, Abbeville, S. C., for plaintiff.

W. Francis Marion, and G. Dewey Oxner, Jr., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Heard before this Court at Greenwood on cross-motions in which plaintiff sought dismissal for lack of jurisdiction or, in the alternative, nonsuit without prejudice if jurisdiction was had, and defendant sought dismissal by way of Summary Judgment for defendant. Originally instituted December 28, 1964, under Section 10-431 of the South Carolina Code of Laws for 1962, as amended, a summons, served through the State Highway Commissioner, had attached a complaint making demand for $25,000, the forum of plaintiff's choice being the Court of Common Pleas for Abbeville County, South Carolina. The complaint alleged plaintiff's South Carolina residence, but defendant's North Carolina residence was first revealed[1] in petition for removal to this Court. Subsequent to petition for removal plaintiff made no motion to remand, but instead, on January 18, 1965, two days after filing of the removal papers with the Clerk of this Court, when defendant served a copy of his answer in this Court, on the same day plaintiff served a copy of the amended complaint.[2] Plaintiff's motion for dismissal was not filed until the week of April 19, 1965, after the case had been set down for trial at Greenwood during the term commencing April 26, 1965.

Plaintiff is entitled to a dismissal, without prejudice, under the provisions of Rule 41(a) (2), Federal Rules of Civil Procedure which provides:

"Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

This Court finds no prejudice to defendant by the dismissal because no counterclaim *was* filed. It is true that the answer had been filed before the motion for dismissal, joining the issues, that the motion for Summary Judgment declared a release in full; neither the answer nor the motion affect the decision of this Court.

This Court is mindful of the fact that Title 28, Section 1446(e) of the United States Code Annotated, provides:

"Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

This Court acquired jurisdiction after a copy of the Petition for Removal and Bond for Removal had been filed with the State Court on January 16, 1965. Once this Court has acquired jurisdiction the plaintiff cannot divest jurisdiction merely by reducing the prayer of his complaint. Haviland v. Western

---

1. For proof of diversity as specified in 28 U.S.C. § 1332.

2. Again pitched in the Court of Common Pleas for Abbeville County, South Carolina, in which the plaintiff sought to re-duce the demand from $10,000 to $9,500, obviously for the purpose of defeating jurisdiction because of failure of the sum or value in controversy to conform to the diversity statute. (Note 1 supra).

Union Telephone Co., 119 F.Supp. 438 (S.D.Tex.1954).

■ However, stated by this Court in Eaddy v. Little, 234 F.Supp. 377, 379 (E.D.S.C.1964):

"A plaintiff generally has the right to a voluntary dismissal, upon the payment of the defendant's costs, unless it appears that the defendant would suffer from plain legal prejudice other than the mere prospect of a second lawsuit. Cohe v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849."

■ It is the opinion of this Court that the plaintiff has the right in this case to a voluntary dismissal; however, in view of the costs incurred by the defendant, payment of such costs are a prerequisite to a voluntary dismissal without prejudice.

■ It is stated in Eaddy v. Little, supra, at page 380:

"It is well settled that the Court in granting a motion such as this has a right to do so under certain terms and conditions. These terms and conditions are for the protection of the rights of the defendant. Home Owners' Loan Corporation v. Huffman, supra [8 Cir., 134 F.2d 314]. The word 'costs' is often used in connection with the conditions imposed on the plaintiff in the granting of such a motion. Terms and conditions are not limited to taxable costs but may include compensation for all the expenses to which the defendant has been put including attorney fees as well as others costs and disbursements. Home Owners' Loan Corporation v. Huffman, supra, New York, C. & St. L. R. Co. v. Vardaman, (8 CA 1950) 181 F.2d 769, Barnett v. Terminal R. Ass'n. of St. Louis, (8 CA 1953) 200 F.2d 893, cert. den. 73 S.Ct. 938, 345 U.S. 956, 97 L.Ed. 1377."

Defendant has incurred the expense of removing the case to this Court, preparing for trial when the case was set down for trial in a term of Court commencing on April 26, 1965 and has argued the above mentioned motions before this Court. It is the opinion of this Court that a reasonable attorneys' fee for the above mentioned services is in the amount of Five Hundred Dollars. The defendant has also incurred the following costs in addition to attorneys' fees:

1965

| Date | Description | Amount |
|---|---|---|
| January 14 | Filing Removal Papers | $15.00 |
| January 15 | Registered mail | 1.45 |
| January 18 | Call to Charlotte, N. C. | 1.60 |
| January 18 | Call to Charlotte, N. C. | .61 |
| January 18 | Call to Abbeville, S. C. | 1.16 |
| January 29 | Xerox copies | .40 |
| March 10 | Alester G. Furman Co., Removal Bond policy no. 14 S 911 | 10.00 |
| April 20 | Call to Charlotte, N. C. | 2.26 |
| April 21 | Expense trip to Greenwood, S. C. | 10.60 |
| April 22 | Call to Charlotte, N. C. | .94 |
| April 26 | Expense trip to Greenwood, S. C. | 10.60 |
| | | $54.62 |

undefined

Payment of costs in the amount of $554.62, which includes the expenses incurred by the defendant along with a reasonable attorneys' fee, is a prerequisite to a voluntary dismissal without prejudice. Payment of such must be made on or before the 15th day of July, 1965, in order that the orderly process of this Court may follow.

And it is so ordered.