GREEN GIANT COMPANY, Plaintiff,

v.

M/V FORTUNE STAR, her engines, boilers, tackle, etc., In Rem Taiwan International Line and Comfort Maritime and Enterprise (Panama), Inc., Defendants.

No. CV479–360.

United States District Court, S. D. Georgia, Savannah Division.

May 12, 1981.

Edwin D. Robb, Jr., Bouhan, Williams & Levy, Savannah, Ga., for plaintiff.

Ralph O. Bowden, III, Hunter, Maclean, Exley & Dunn, Lamar C. Walter, Chamlee, Dubus & Sipple, Savannah, Ga., for defendants.

## ORDER

B. AVANT EDENFIELD, District Judge.

Before the Court in this admiralty action for cargo damage is the motion of defendant TAIWAN INTERNATIONAL LINE for voluntary dismissal of its crossclaim against defendant COMFORT MARITIME AND ENTERPRISE (PANAMA), INC. F.R.Civ.P. 41(a)(2). COMFORT MARITIME has objected to this motion, asking that dismissal be denied or, alternatively, that dismissal be granted with prejudice. The Court has now received written memoranda from both sides on these issues. The Court also entertained oral argument at a hearing conducted April 24, 1981. After consideration of all relevant argument and certain information obtained through subsequent inquiries, I determine that the motion to dismiss should be granted, subject to several requirements which are outlined below.

### Background

This case grows out of damage allegedly sustained to a large cargo of mushrooms during the course of shipment on the M/V FORTUNE STAR. Defendant TAIWAN INTERNATIONAL was charterer of the vessel during the voyage at issue. Defendant COMFORT MARITIME is the owner of the ship. The subject of the motion for dismissal is a crossclaim for indemnity filed by TAIWAN and answered by COMFORT MARITIME. COMFORT MARITIME also has pending a crossclaim for indemnity against TAIWAN, to which an answer has been filed.

As counsel for TAIWAN indicated at the hearing of April 24th, this case has from the first appeared to involve clear liability to the plaintiff on the part of TAIWAN at least. As the Court also indicated at this hearing, the case for the liability of TAIWAN has long appeared much stronger than that against defendant COMFORT MARITIME. Thus, TAIWAN has conducted extensive negotiations with the plaintiff and, according to counsel for TAIWAN, completed a settlement agreement calling for payment of $180,000. Defendant COMFORT MARITIME is not a party to this agreement. These funds have not yet been forthcoming, though counsel has informed the Court that payment will be made in the immediate future.

After arriving at this agreement, counsel for TAIWAN informed counsel for COMFORT MARITIME that TAIWAN's crossclaim for contribution was being dismissed. COMFORT thus gained the impression that this dispute was at an end. Unfortunately, however, TAIWAN has now caused the M/V FORTUNE STAR to be seized at Keelung, Taiwan, pursuant to the same claim for indemnity which is at issue here. COMFORT MARITIME thus finds that the indemnity claim of TAIWAN is still being actively pursued. COMFORT also notes that GREEN GIANT's claim against it and, therefore, its crossclaim against TAIWAN in this Court, appear to remain viable so long as the settlement agreement has not been satisfied. COMFORT MARITIME also contends that it has incurred substantial trouble and expense in the taking of depositions, particularly as they related to the indemnity claims between the defendants. COMFORT thus argues that it would suffer undue prejudice if voluntary dismissal were allowed here. COMFORT therefore asks that the Court dismiss with prejudice, or decline to dismiss at all so that the pending claims may be resolved in this Court. Counsel has also suggested that another cause of action be added relating to the alleged wrongful arrest of the vessel in Taiwan.

Defendant TAIWAN now acknowledges that its original attempt to dismiss merely by filing notice with the Court was improper. TAIWAN has therefore filed a formal motion to dismiss for the Court's considera-

tion. TAIWAN also acknowledges that COMFORT has incurred some expense and inconvenience in defending this suit. TAIWAN further admits that, had extensive discovery been conducted abroad or the parties otherwise gone to very substantial expense, it would be proper to sustain the position of COMFORT MARITIME here. TAIWAN contends, however, that extensive discovery has not taken place. TAIWAN also contends that depositions which have been taken in Houston, Texas and New York, New York relate primarily to plaintiff's claim and not the crossclaims. Thus, TAIWAN argues that COMFORT would not be substantially inconvenienced by a dismissal at this point.

### Discussion

Courts in this Circuit follow "the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice *other than the mere prospect of a second law suit.* It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967) (emphasis in the original). Therefore, this Court must consider here whether allowing voluntary dismissal would cause defendant COMFORT MARITIME "legal prejudice" which could not be adequately alleviated even by specifying appropriate conditions as provided for under Rule 41(a)(2). "Legal prejudice" such as would foreclose voluntary dismissal without prejudice is surprisingly difficult to define. However, it appears that this concept includes more than merely situations where some "legal" advantage, such as a pending or approved motion for summary judgment, might be lost. Considering whether a plaintiff had been prejudiced under conditions set by the trial judge, in *Yoffee v. Keller Industries, Inc.,* 580 F.2d 126 (5th Cir. 1979), the court held as follows:

> We do not intend to draw the distinction between appealable and nonappealable Rule 41(a)(2) conditions on a strict line

between 'mere' requirements that have res judicata consequences. There will be cases in which the amount of money set as the price of a voluntary dismissal without prejudice is so clearly unreasonable as to amount to appealable 'legal prejudice' . . . .

580 F.2d, at 131.

Thus, it appears, albeit from a plaintiff's perspective, that "legal prejudice" is present not only where actual legal rights are threatened but also where monetary or other burdens appear to be extreme or unreasonable. In the present case, since no loss of pure legal advantage has been alleged, the focus of attention must be on the extent of the other burdens which dismissal without prejudice might place on COMFORT. TAIWAN has acknowledged that the expense involved in overseas preparation for trial would be sufficient to bar dismissal. It is also clear that dismissal would leave COMFORT's crossclaim against TAIWAN in this Court still pending. Moreover, it is not disputed that this crossclaim continues to have significance so long as the plaintiff's agreement with TAIWAN remains unsatisfied. Obviously, to permit a dismissal without prejudice in these circumstances might force COMFORT to litigate the same facts in Taiwan and in this Court. Such a burden would certainly be even greater than the overseas discovery which TAIWAN has acknowledged to amount to "legal prejudice."

However, it does not appear to the Court that the actual expense and inconvenience incurred to date by COMFORT is so substantial that it could not be alleviated by an appropriate allowance for costs and attorney's fees, even accepting, as this Court does, COMFORT's statement that the bulk of its discovery to date has been directed toward its crossclaim against TAIWAN. Since the hearing of April 24th, the Court has made inquiries into fees and costs associated with the taking of the Houston and New York depositions. Counsel for TAIWAN has informed the Court that its fees and expenses are approximately as follows:

| | |
|---|---|
| Attorney's fees | $ 1,325.00 |
| Expenses and Costs Associated with the Taking of Depositions | 1,178.00 |
| | $ 2,503.00 |

Counsel for COMFORT has claimed the following expenses:

| | |
|---|---|
| Attorney's fees | $ 1,385.00 |
| Expenses, Other Costs | 1,540.38 |
| | $ 2,925.38 |

There is then relatively little disparity in the expenses claimed by COMFORT and those incurred by TAIWAN in participating in the same discovery processes. Rule 41, by conferring upon the court power to grant dismissal under "such terms and conditions as the court deems proper," permits an award of expenses plus reasonable attorney's fees. *American Cyanamid Company v. McGhee*, 317 F.2d 295 (5th Cir. 1963). I therefore determine that the interests of COMFORT in the present litigation are vindicated by award of appropriate fees and expenses. I also determine that the $2,925.38 claimed by COMFORT is reasonable for such an award.

### Conclusion

In light of the above discussion, motion of defendant TAIWAN INTERNATIONAL LINE for voluntary dismissal of its claim against defendant COMFORT MARITIME is hereby granted. Dismissal is, however, contingent upon payment by TAIWAN to COMFORT of fees and costs in the amount of $2,925.38. Furthermore, the Court will retain jurisdiction over these claims for a reasonable time, not to exceed thirty (30) days, absent a showing of exceptional circumstances. If the proposed settlement between GREEN GIANT and TAIWAN has not been completed by the expiration of this period, dismissal of TAIWAN's crossclaim shall be entered with prejudice. If this settlement is properly completed, dismissal shall be without prejudice.