**Charles T. BISHOP, et al., Plaintiffs,**

v.

**WEST AMERICAN INSURANCE COMPANY, Defendant.**

**Civ. A. No. C81–163R.**

United States District Court, N.D. Georgia, Rome Division.

Aug. 27, 1982.

Robert N. Farrar, Brinson, Askew & Berry, Rome, Ga., for plaintiffs.

J. Clinton Sumner, Jr., Rogers, Magruder, Hoyt, Sumner & Brinson, Rome, Ga., for defendant.

ORDER

HAROLD L. MURPHY, District Judge.

Plaintiff originally brought suit against the defendant in the Superior Court of Floyd County, Georgia concerning the scope of coverage of an insurance contract. The suit was removed to this Court and discovery occurred. Plaintiff moves pursuant to Fed.R.Civ.P. 41(a)(2) to dismiss the present action without prejudice and without costs to either party. The defendant

consents to a voluntary dismissal without prejudice but contends that appropriate costs should be taxed against the plaintiff. Because the defendant consents to a voluntary dismissal, this order will focus solely on the issue of costs.

■ Under Fed.R.Civ.P. 41(a)(2) a court may dismiss a case "upon such terms and conditions as the court deems proper." One such condition is the award of costs to the defendant. The purpose of awarding costs under Rule 41(a)(2) is twofold: to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation. *See* 5 J. Moore, J. Lucas, J. Wicker, Moore's Federal Practice §§ 41.05[1], 41.06 (2d ed. 1982). The award of costs usually includes all litigation-related expenses incurred by the defendant, including reasonable attorney fees. *See American Cyanamid Co. v. McGhee,* 317 F.2d 295, 298 (5th Cir. 1963); *Green Giant Co. v. M/V Fortune Star,* 92 F.R.D. 746, 749 (S.D.Ga.1981); *Mann v. Edwards,* 37 F.R.D.

452, 454 (W.D.S.C.1965) (citing *Eaddy v. Little,* 234 F.Supp. 377, 380 (E.D.S.C.1964)); Moore's Federal Practice, *supra,* § 41.06. The award of costs is, like any other "term or condition" of dismissal, within the discretion of the trial court. *See Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46, 51 (1st Cir. 1981); *American Cyanamid Co. v. McGhee, supra.*

■ Plaintiff presents several arguments in contending that dismissal should be granted without costs. His arguments focus primarily on the issue of removal costs.[1] Plaintiff first contends that because 28 U.S.C. § 1920 (1981),[2] the statute governing the taxation of costs in United States Courts, does not mention removal fees, these fees should not be assessed against him.[3] Plaintiff's motion for Voluntary Dismissal at 3. *Mann v. Edwards, supra,* however, held that costs payable under Rule 41(a)(2) are not limited to taxable costs, but may include compensation for all litigation-

---

1. Plaintiff makes one argument that apparently contests the award of any costs. He argues that because the word "may" was substituted for the word "shall" in 28 U.S.C. § 1920 (1981), see note 2 *infra,* costs should not be imposed against him under Rule 41(a)(2). Plaintiff's Motion for Voluntary Dismissal at 3. Section 1920, however, is the statutory counterpart to Fed.R.Civ.P. 54(d) ("costs shall be allowed as of course to the prevailing party unless the court otherwise directs"), and the change in statutory language was made simply to emphasize that a court may exercise considerable discretion in assessing costs under Rule 54(d). *See* 28 U.S.C. § 1920 (1981) (historical and revision notes). Plaintiff's argument thus is deficient for two reasons. First, the change in statutory language does not provide this court with an affirmative reason either to impose or not to impose costs. Second, section 1920 is essentially unrelated to Rule 41(a)(2). Rule 41(a)(2) governs the following decision: whether to impose costs as a condition to voluntary dismissal. *See New York, C. & St. L.R. Co. v. Vardaman,* 181 F.2d 769, 771 (8th Cir. 1950). Once this decision is made, costs, at least taxable costs, may be assessed either under Rule 41(a)(2) as a "term or condition" of dismissal, *see Mann v. Edwards, supra,* at 454–55, or Rule 54(d) because the defendant is considered a "prevailing party" when the plaintiff dismisses its suit without prejudice. *See Pacific Vegetable Oil Corp. v. S/S Shalom,* 257 F.Supp. 944, 952 n. 5 (S.D.N.Y.1966); 5 Moore's Federal Practice, *supra,* ¶ 41.06. Plaintiff's use of sec-

tion 1920, which guides courts in assessing costs under Rule 54(d), to contest the imposition of costs under Rule 41(a)(2) therefore is misplaced.

2. 28 U.S.C. § 1920 (1981) provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

3. Plaintiff implies in its argument that section 1920 is a statutory restriction placed by Congress on Rule 41(a)(2). This conclusion is incorrect. Section 1920 is the statutory counterpart to Rule 54(d). See note 1 *supra.*

**496**

related expenses incurred by the defendant. *See id.* The conclusion reached in *Mann* is persuasive for two reasons: (1) if a court were able to impose only taxable costs under Rule 41(a)(2), it would never be able to fulfill one of the purposes of this rule: to fully compensate the defendant for reasonable expenses incurred before dismissal; and (2) if a court were bound by section 1920 in imposing costs, its discretion would be limited in an area where broad discretion is necessary. *Cf. American Cyanamid Co. v. McGhee, supra,* at 298 n. 4 (in dismissing a case under Rule 41(a)(2), a court should weigh the equities and make a decision which seems fairest under all the circumstances). Because the reasoning in *Mann* is sound, plaintiff's argument is rejected.

Second, plaintiff contends that because the defendant chose to remove the case to federal court, the costs of removal should not be assessed against him. Plaintiff's Motion for Voluntary Dismissal at 3–4. In the cases specifically addressing the award of removal costs, however, no such distinction is made; rather, all reasonable expenses incurred by the defendant in preparation for trial are awarded. *See Mann v. Edwards, supra; Eaddy v. Little, supra.* Again, these holdings comport with one of the purposes of Rule 41(a)(2): to fully compensate the defendant for expenses incurred before dismissal. The only distinction made by courts in awarding costs is whether they are reasonable. *See Green Giant Co. v. M/V Fortune Star, supra.* This Court therefore declines to adopt plaintiff's second line of argument.[4]

No other reasons have been forwarded by the plaintiff in contesting the award of costs. ACCORDINGLY, plaintiff's motion for voluntary dismissal without prejudice and without costs is DENIED. Plaintiff's motion for voluntary dismissal without prejudice is GRANTED. Defendant has 30

days to submit a bill of costs to this Court either under Rule 41(a)(2) or Rule 54(d).[5]

---

4. Plaintiff's final arguments—(1) that it would be unfair to tax removal costs against them because they wish to "put an end to the litigation now, rather than forcing the Defendant to ... move the Court for a possible summary judgment," and (2) that it would be unfair to tax removal costs against them because "[a]s far as Plaintiffs are aware, there are no other

taxable costs which would be allowed against them"—are without merit. Plaintiff's Motion for Voluntary Dismissal at 4.

5. Costs allowable under each rule may differ. *See* 5 Moore's Federal Practice, *supra,* ¶ 41.06 n. 2. See note 1 *supra.*