No. 92-613

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

TEAL, INC., a corporation
d/b/a COOK TRAVEL,

       Plaintiff and Respondent,

-vs-

BARBARA WIEDRICH,

       Defendant and Appellant.

FILED

JUL 13 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Maurice R. Colberg, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Donna K. Davis; Matovich, Addy & Keller, Billings
          Montana

      For Respondent:

          Earl J. Hanson; Hanson & Todd, Billings, Montana
          Richard S. Mandelson; Baker & Hostetler, Denver,
          Colorado
          Laurence R. Martin, Randall G. Nelson; Felt, Martin
          Frazier & Lovas, Billings, Montana
          John L. Pratt; Ask & Pratt, Roundup, Montana

Submitted on Briefs:   June 17, 1993

Decided:   July 13, 1993

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Barbara Wiedrich appeals from an order entered by the Thirteenth Judicial District Court, Yellowstone County, dismissing the action against her with prejudice but awarding no attorney's fees. We affirm.

The issue on appeal is whether the District Court abused its discretion when, in dismissing the action against defendant, it refused to award her attorney's fees.

Defendant/appellant Barbara Wiedrich was a travel agent and officer manager at Rainbow Travel, Inc. (Rainbow), a travel agency in Billings, Montana. Dale and Joan Galles (collectively, Galles) were the sole stockholders of Rainbow. Late in 1991, Teal, Inc. (Teal), doing business as Cook Travel, entered into negotiations with Galles to purchase all of Rainbow's issued and outstanding stock; Ted Fink negotiated on behalf of Teal. The parties met several times and exchanged draft buy-sell agreements. Rainbow's employees did not have employment contracts and, essentially, worked under month-to-month employment arrangements. Thus, Rainbow and Galles could not guarantee that the employees would "transfer" to Cook Travel after Teal's purchase of Rainbow; it was Fink's understanding, however, that those employees would move to the Cook Travel offices.

On the morning of January 2, 1992, the proposed closing date for the stock sale, both Dale Galles and Fink discovered for the first time that Wiedrich and another employee, Mary Goffena, had resigned their employment with Rainbow pursuant to letters dated

2

December 27, 1991. It was later ascertained that Wiedrich had accepted employment with a competitor travel agency, Boardwalk Travel, on December 27, to begin on January 2, 1992. Fink and Galles also discovered that on December 30, subsequent to her resignation letter but while still employed by Rainbow, Wiedrich had mailed a letter to Rainbow's customers informing them of the sale, enclosing each customer's frequent flyer information accumulated by Rainbow, and advising that she would "call you after the 1st of January." The letter was not authorized by Galles and, given Wiedrich's resignation from Rainbow, it was clear that any follow-up calls by Wiedrich would not be made from either Rainbow or Cook. Teal refused to close on the purchase of the Rainbow stock.

On February 4, 1992, Teal filed suit against The Travel Company of Montana, Inc. (doing business as Boardwalk Travel) and its manager M. Kathleen Rice, Mary Goffena and Barbara Wiedrich. The complaint alleged intentional interference with business relationships and tortious interference with the proposed sale and purchase of Rainbow by virtue of specified acts and misconduct, including Wiedrich's letter to Rainbow's customers. On May 15, Teal dismissed defendant Goffena without prejudice pursuant to Rule 41(a)(1), M.R.Civ.P. On July 10, Teal and defendants The Travel Company and M. Kathleen Rice stipulated to dismissal with prejudice, stating that the action between those parties was fully and finally settled; the court ordered the dismissal.

On September 10, 1992, Teal moved to dismiss Wiedrich without

3

prejudice pursuant to Rule 41(a)(2), M.R.Civ.P.; it later converted the motion to one for dismissal with prejudice. Wiedrich objected to dismissal unless "curative conditions," including her attorney's fees, were imposed. The District Court dismissed the action against Wiedrich with prejudice, but awarded no attorney's fees. This appeal followed.

Did the District Court abuse its discretion when, in dismissing the action against defendant, it refused to award her attorney's fees?

The District Court dismissed the action against Wiedrich with prejudice pursuant to Rule 41(a)(2), M.R.Civ.P., but refused to award Wiedrich attorney's fees. Wiedrich asserts error, relying on Petritz v. Albertsons, Inc. (1980), 187 Mont. 102, 608 P.2d 1089, and federal cases interpreting the identical Federal Rule of Civil Procedure.

Rule 41(a)(2), M.R.Civ.P., provides in pertinent part:

[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The wording of the rule is clear that appropriate terms and conditions on dismissal by order of the court are matters within the court's discretion. Indeed, we have determined that, in granting a motion for voluntary dismissal under Rule 41(a)(2), a district court "is vested with wide discretion in determining what conditions may attach to the dismissal[;]" a court may require the payment of costs and attorney's fees or it may choose to impose no conditions at all. Petritz, 608 P.2d at 1092. Our standard in

4

reviewing discretionary trial court rulings is whether the court abused its discretion. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 604.

Here, the District Court dismissed with prejudice and required Teal to pay Wiedrich's costs. Under the facts and record before us, we cannot conclude that the court abused its discretion in refusing to award attorney's fees.

The District Court's refusal to award attorney's fees was based in large part on its determination that Teal had at least a colorable claim against Wiedrich and, thus, that the litigation could not be deemed frivolous. Wiedrich challenges a number of the allegations contained in Teal's complaint against her as either known misrepresentations or so lacking in foundation that reasonable investigation prior to filing the complaint would have indicated that they were baseless. On this basis, she strenuously asserts that Teal's complaint constituted abusive and harassing litigation for which she was entitled to attorney's fees upon voluntary dismissal, relying primarily on federal cases interpreting Rule 41(a)(2) of the Federal Rules of Civil Procedure. See, e.g., Klar v. Firestone Tire & Rubber Co. (1953), 14 F.R.D. 176; Bishop v. West American Ins. Co. (1982), 95 F.R.D. 494.

We agree with Wiedrich that the "upon such terms and conditions as the court deems proper" language in Rule 41(a)(2) is intended to end "abusive practices whereby defendants were put to expense by plaintiffs who had no real object in mind other than . . . harassment." Klar, 14 F.R.D. at 176. Stated differently, a

5

purpose of awarding curative relief under the rule is "to deter vexatious litigation." Bishop, 95 F.R.D. at 495.

The flaw in Wiedrich's argument is that it ignores the District Court's determination that Teal had at least a colorable claim against her and, therefore, that the litigation could not be deemed frivolous. Wiedrich does not specifically challenge or attack this determination; moreover, the record contains sufficient evidence to support a determination that at least an arguable case could be made that Wiedrich interfered with Teal's contractual relationship and prospective business advantage with regard to the purchase of Rainbow's stock when she wrote the letter to Rainbow customers stating that she would contact them after January 1, 1992. The District Court's determination, together with its corresponding determination that the claim could not be deemed frivolous, in essence constitutes a determination that the litigation was not harassing or vexatious and removes this case from the ambit of those where attorney's fees were properly awarded for harassing or vexatious litigation.

Bishop and Klar, relied on by Wiedrich, are appropriate authority for the salutary purposes of Rule 41(a)(2). However, they do not support Wiedrich's position that she is entitled to attorney's fees here. The issue in Bishop was whether "costs" under the rule were limited to statutory taxable costs or included removal costs; thus, Bishop is inapposite on the facts. In Klar, the trial court determined that "[n]o such abusive intent appears in the instant case," dismissed the action without prejudice so

6

that plaintiff could commence a new action in Ohio, and awarded costs and a minimal attorney's fee. Klar, 14 F.R.D. at 176-77. Klar bears some similarity to the case before us in that neither involved abusive intent or vexatious litigation; in Klar, however, the action was dismissed without prejudice. Nothing in Klar provides authority for Wiedrich's claim of entitlement to attorney's fees here, particularly in light of the broad discretion vested in trial courts under Rule 41(a)(2), M.R.Civ.P., and Petritz.

Nor does Petritz, the leading Rule 41(a)(2) case in Montana, support Wiedrich's position. In Petritz, the plaintiff moved for voluntary dismissal without prejudice on the day before trial, some twenty months after the complaint was filed and after extensive pretrial discovery and trial preparation by the defense. The court ordered the dismissal without prejudice. We determined, "in view of the lateness of plaintiff's motion for dismissal, and the extensive preparation on the part of the defense" that the district court should have attached a more reasonable award of attorney's fees as a condition to the dismissal. Petritz, 608 P.2d at 1094.

The facts now before us differ significantly from those in Petritz. Here, Teal moved for dismissal seven months after filing the complaint and eight and one-half months before the case was scheduled for trial. In addition, discovery was relatively limited here as compared to the extensive discovery and pretrial motions, hearings and trial preparation undertaken by the defendant in Petritz. We also note that the Petritz action was dismissed without prejudice and the plaintiff therein filed another action

7

six weeks later.

We hold that the District Court did not abuse its discretion when, in dismissing the action against defendant, it refused to award her attorney's fees.

Affirmed.

_____
                                Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

July 13, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Donna K. Davis
MATOVICH, ADDY & KELLER, P.C.
Suite 225, Petroleum Building
2812 First Ave. North
Billings, MT 59101

Earl J. Hanson
HANSON & TODD
Suites 214-215
Transwestern I
404 North 31st Street
Billings, MT 59101

Richard S. Mandelson
BAKER & HOSTETLER
Suite 1100
303 East 17th Ave.
Denver, CO 80203

Laurence R. Martin
Randall G. Nelson
FELT, MARTIN, FRAZIER & LOVAS
450 Hart-Albin Building
208 North 28th Street
Billings, MT 59101

John L. Pratt
ASK & PRATT
226 Main
Roundup, MT 59072

ED SMITH

CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
   Deputy