## PHILADELPHIA GEAR WORKS, Inc., v. KEROTEST MFG. CO.

Civ. No. 8668.

United States District Court
W. D. Pennsylvania.

Dec. 28, 1951.

Christy, Parmelee & Strickland, Pittsburgh, Pa., Henry N. Paul, Jr., Philadelphia, Pa., for plaintiff.

.Walter J Blenko, and Blenko, Hoopes, Leonard & Glenn, all of Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiff filed this action on March 22, 1950, alleging an infringement of letters patent No. 2,114,013 by the defendant and seeking an injunction against further infringement, an accounting for profits and damages, an assessment of costs and attorneys' fees and for "such other and further relief as shall seem to the court in equity and good conscience to be required". An answer was filed on behalf of the defendant on June 26, 1950. The case is now before the Court on plaintiff's motion to dismiss on the following terms and conditions:

(a) That the plaintiff shall not again assert a claim against defendant for infringement upon Ball Patent No. 2,114,013 by reason of its use or sale of any apparatus, nor shall plaintiff assert a claim against any vendee of Kerotest Manufacturing Company by reason of its use or sale of any apparatus supplied by Kerotest Manu-

facturing Company or against any successor in title to the apparatus mentioned above by reason of its use or sale thereof.

(b) That plaintiff shall pay to defendant all taxable statutory costs, said costs to be taxed by the Clerk pursuant to the rules. Defendant opposes the motion contending that the conditions do not afford adequate protection or reimbursement to it.

Rule 41(a)(1) of the Federal Rules of Civil Procedure, 28 U.S.C. provides, in part: " * * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. * * *"

Rule 41(a)(2) provides, in part: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

 Since an answer has been filed in this case and since no stipulation of dismissal has been entered into by the parties, the action may be dismissed only "upon order of the court and upon such terms and conditions as the court deems proper". No counterclaim has been filed in this case so the question of dismissal is one addressed to the discretion of the court. Young v. Wilky Carrier Corp., 3 Cir., 1945, 150 F.2d 764.

The judicial discretion authorized by Rule 41(a)(2) has been construed to allow dismissal, upon payment of costs, "unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second law suit". Cone v. West Virginia Pulp & Paper Co., 1946, 330 U.S. 212, 67 S.Ct. 752, 755, 91 L.Ed. 849; New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 1950, 181 F.2d 769; Home Owners' Loan Corporation v. Huffman, 8 Cir., 1943, 134 F.2d 314.

In Home Owners' Loan Corporation v. Huffman, supra, the Court states the issue under Rule 41(a)(2) to be whether the defendant will lose any substantial right by the dismissal. It seems to us that this should be the primary consideration in the exercise of the discretion vested in us by virtue of Rule 41(a)(2).

 Defendant's objection to a dismissal is based on two contentions. First, the defendant argues that it needs the protection which it would obtain if successful in a trial on the merits, i. e., the right to make any apparatus, or to have it made, free of the patent, as well as the right to use and sell it. Secondly, the defendant argues that if a dismissal is granted, then a condition of that dismissal should be that the plaintiff agrees to pay the defendant's attorneys' fees.

 Defendant's first objection presupposes that the Court would necessarily determine the question of validity if the case went to trial. Although, as pointed out by the Supreme Court of the United States in Sinclair & Carroll Co., Inc., v. Interchemical Corporation, 1945, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644, an inquiry into validity as well as infringement will normally be the better practice, it does not follow that the Court must necessarily determine the question of validity in an infringement suit where a judgment of noninfringement is entered. Kennametal, Inc., v. American Cutting Alloys, Inc., D.C. D.Del. 1948, 77 F.Supp. 136. There are more cogent reasons, however, which refute defendant's objection and support an allowance of dismissal.

It does not seem to us that the defendant will lose any substantial right by a dismissal. Defendant's first objection, in effect, is that it will lose the right to have the validity of the patent determined. However, this position cannot be sustained since defendant may file an action in its own behalf for a declaratory judgment

of invalidity of the patent. It may be noted that the defendant's indemnitor, E. I. M. Co., Inc., has filed such an action in the District Court for the Southern District of Texas, Civil Action No. 5549. Futhermore, although defendant insists that it needs the right to make any apparatus, free of the patent, as well as the right to use and sell such apparatus, it appears that the defendant has never manufactured such apparatus, namely, valve controls, and to say that in the future the defendant might do so is purely conjectural. The plaintiff's motion to dismiss should not be denied to preserve so insubstantial an interest. See Larson v. General Motors Corporation, 2 Cir., 1943, 134 F.2d 450.

Finally, it seems to us that the only thing that the defendant might lose by a dismissal of this action is the time and money spent in preparation for trial. Neither of these constitutes a loss of a substantial right. In this connection, it should be noted that this action is in its preliminary stages and that counsel are not prepared for trial at this time. On the contrary, defendant has filed a motion for leave to take depositions in England and it appears from the oral argument of counsel that matters which they hope to uncover there would constitute their main evidence of prior art in an attack on the validity of the patent. Upon learning that the defendant desired to take these depositions, plaintiff promptly filed this motion to dismiss.

Defendant relies very strongly on the case of White v. E. L. Bruce Co., D.C. D.Del. 1945, 62 F.Supp. 577, in which the District Court for the District of Delaware refused to permit a patent owner to withdraw its claim of infringement where the trial had been fixed, continued and fixed again for a date certain. No trial date has been fixed in the case at bar. On the contrary, as pointed out heretofore, counsel are not prepared for trial at this time, and according to all indications will not be ready until a date several months in the future. But a more important difference exists between the case at bar and the case of White v. E. L. Bruce Co., supra. There, the patent owner sought to withdraw the patent from suit with complete freedom to sue the alleged infringer in the future, while here the plaintiff seeks only a qualified dismissal—a dismissal which, in effect, is substantially equivalent to a decree of non-infringement. The plaintiff is willing to pay the taxable costs of this action and to covenant not to bring any new action against defendant or its customers under the patent here involved by reason of their use or sale of the devices involved in this controversy. It seems to us that these terms will adequately safeguard the defendant against the institution of a second suit based on the same acts which gave rise to this suit.

■ Defendant's second objection that adequate reimbursement to it requires that plaintiff be obligated to pay the attorneys' fees as well as the taxable costs cannot be sustained on the record of this case. Although, under § 70 of Title 35 of the United States Code, the Court may in its discretion award reasonable attorneys' fees to the prevailing party upon the entry of judgment on any patent case, it is clear that attorneys' fees are not to be allowed as a matter of course to the prevailing party. Associated Plastics Companies, Inc., v. Gits Molding Corporation, 7 Cir. 1950, 182 F.2d 1000; Union Nat. Bank of Youngstown v. Superior Steel Corporation, D.C. W.D.Pa. 1949, 9 F.R.D. 117. Furthermore, the Congressional history of the amendment indicates that this power was to be used sparingly.[1] A search of the cases decided under this Section indicates that the test for the exercise of discretion by the Court in this regard seems to be one of determining whether the unsuccessful party proceeded in good faith or whether the suit was merely harassing or vexatious. Associated Plastics Companies, Inc. v. Gits Molding Corporation, supra; Knickerbocker Plastic Co., Inc. v. Allied Molding Corporation, D.C.S.D.N.Y. 1950, 96 F.Supp. 358.

1. "It is not contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits. * * * The provision is also made general so as to enable the court to prevent a gross injustice to an alleged infringer." Senate Report No. 1503, June 14, 1946, U.S.Code Congressional Service 1946, page 1387.

No showing of bad faith on the part of the plaintiff has been made in this case. Neither does it appear that the suit was vexatious or harassing. Accordingly, we do not feel that defendant would be entitled to counsel fees even if this case proceeded to trial and defendant were successful on the merits. Certainly, the defendant is in no better position where, as here, the action has not proceeded to trial, but, on the contrary, is only in the preliminary stages.

Therefore, plaintiff's motion to dismiss upon the conditions and terms submitted by it will be granted.