No. 14837

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

MARY PETRITZ,

Plaintiff and Respondent,

vs.

ALBERTSONS, INC.,
an Idaho corporation,

Defendant and Appellant.

---

Appeal from:  District Court of the Second Judicial District,
In and for the County of Silver Bow.
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

Poore, Roth, Robischon & Robinson, Butte, Montana
Donald Robinson argued, Butte, Montana

For Respondent:

Michael J. McKeon argued, Anaconda, Montana
David L. Holland, Butte, Montana

---

Submitted:  February 27, 1980

Decided:  APR  - 1980

Filed:  1980

Thomas J. Kearney
                                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an action alleging unlawful discharge in employment. Plaintiff-respondent, Mary Petritz, filed a complaint against defendant-appellant, Albertsons, Inc., on August 16, 1977, in the District Court of the Second Judicial District, in and for the County of Silver Bow, alleging that she was unlawfully discharged from her employment with Albertsons, Inc., where she was employed as a meat wrapper. The complaint alleged that her discharge was discriminatory, in violation of both the Montana State Constitution and a labor agreement between the Amalgamated Meat Cutters and Butcher Workmen of North America, Local No. 333, AFL-CIO, of which she was a member. Plaintiff sought back wages, seniority benefits, and general damages.

Defendant filed an answer to plaintiff's complaint on December 28, 1977, denying the allegations of the complaint and asserting certain affirmative defenses. On the same day, a pretrial conference was held at which the District Court ordered that, if the parties desired to introduce exhibits in addition to those listed at the pretrial conference, they would supply copies of such exhibits to opposing counsel at least ten days prior to trial. The District Court also entered a similar order with respect to witnesses, requiring that counsel serve a list of any additional witnesses upon opposing counsel at least twenty days before trial.

Defendant engaged thereafter in extensive pretrial discovery, taking several depositions. The case was set for a trial by jury on April 3, 1979.

Five days prior to trial, on March 28, 1979, defendant was served with a list of witnesses plaintiff intended to call at the time of trial. The list contained the names of seven people who had not been listed as witnesses at the pretrial conference. Accompanying the list was a notice for the taking of the depositions of two witnesses whose names were supplied at the conference. The time set for the taking of these depositions was April 2, 1979, the day before trial.

On March 29, 1979, defendant filed a motion for a directed verdict and a brief in support thereof. Defendant also filed a motion in limine to exclude the testimony of the new witnesses and a motion to quash the taking of the deposition of the two witnesses. Hearings were held with regard to these motions on March 30, 1979. The District Court granted the motion to quash and reserved a ruling on the motion in limine until trial.

On the day before trial, April 2, 1979, plaintiff filed a motion for voluntary dismissal of the action without prejudice to her right to refile another action against defendant. The motion was filed pursuant to Rule 41(a)(2), M.R.Civ.P. A hearing was held upon the motion. At the hearing, plaintiff argued that the motion for voluntary dismissal should be granted because new witnesses had been discovered which would support an additional theory of liability against the defendant for wage and sex discrimination. Plaintiff advised the court that these witnesses had not been known prior to April 2, and that, when they were discovered, their names were immediately served upon counsel for defendant. Defendant opposed the motion for dismissal on the grounds that it had engaged in extensive

pretrial discovery, that the motion was being employed as a tactic to avoid a directed verdict, and that if the trial were delayed, defendant would incur another year's liability for back wages if a verdict for plaintiff were eventually recovered.

The District Court granted plaintiff's motion and entered an order that the action be dismissed without prejudice. Defendant thereafter filed a motion to alter or amend the order, or to condition such dismissal upon the attachment of certain conditions. In support of its motion, defendant filed affidavits of attorney fees, costs and expenses which it felt could not be of benefit in any future action. The costs totaled $881.93. Defendant also estimated its potential liability for back wages in a future action to be approximately $17,573.34. Defendant moved for an order tolling back-pay liability from the day which had been originally set for the trial to the time of the entry of a judgment in any future action.

In response to these motions, the District Court entered an order on April 24, 1979 amending its April 2 order. That order directed plaintiff to pay defendant $85 for filing costs and attorney fees presently incurred, if the plaintiff sought to institute another action in the future. The District Court refused to consider, however, the tolling of any back-pay liability during the pendency of any new action.

On May 18, 1979, plaintiff filed another separate action against defendant and her union in which she alleged that she had been unlawfully and discriminatorily discharged from her employment. In the complaint, plaintiff sought all lost wages, seniority benefits and general damages. That action is still pending.

Defendant appeals from the ruling of the District Court in its April 2 and April 24 orders.

Three issues are raised for our consideration upon appeal:

1. Whether the District Court erred in granting plaintiff's motion to dismiss without prejudice on the day before trial?

2. Whether the District Court erred in refusing to toll back-pay liability of defendant which will accrue from the date originally scheduled for trial to the date of entry of any judgment recovered in a possible future action?

3. Whether the District Court erred in requiring that, as a condition precedent to plaintiff bringing another action, plaintiff pay defendant a sum in the amount of $85 for attorney fees and filing costs already incurred?

The issues raised by defendant in this case require this Court to interpret Rule 41(a)(2) of the Montana Rules of Civil Procedure. This rule is identical in all respects to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which has been interpreted by many authorities. The interpretations under the federal rule have persuasive application to an interpretation of the state rule because of the identical language.

Rule 41(a), M.R.Civ.P. provides in pertinent part:

"Voluntary dismissal - effect thereof.
(1) By plaintiff - by stipulation. Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the state of Montana, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dimissal at any time before service by the adverse party of an answer or of a motion for summary judgment, which ever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.

"(2) By order of court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

It is clear that the granting of a motion for voluntary dismissal under Rule 41(a)(2) is within the sound discretion of the trial court and is reviewable only for an abuse of discretion. Armstrong v. Frostie Co. (4th Cir. 1971), 453 F.2d 914, 916; La-Tex Supply Co. v. Fruehauf Trailer Division, Fruehauf Corp. (5th Cir. 1971), 444 F.2d 1366, 1368. It is not a matter of right. In using its discretion, the court should consider the expense and inconvenience that will result to the defendant, other prejudicial consequences, and whether terms and conditions attached to the dismissal may make the defendant reasonably whole. Barron and Holtzoff, Federal Practice and Procedure, §912 at 116-117.

"It is the prejudice to the defendant, rather the convenience of the court, that is to be considered in passing on a motion for dismissal. If the motion is made at an early stage of the case, before much has happened, it is more likely to be granted. Although dismissal may still be allowed at later stages, an especially strong showing is required to warrant voluntary dismissal without prejudice after the plaintiff has concluded his evidence or the defendant has moved for a directed verdict or a verdict has been directed for defendant." Wright and Miller, Federal Practice and Procedure, §2364 at 169-170.

The general rule is that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Moore's Federal Practice, Vol. 5, ¶41.05 at 41-72; Wright and Miller, supra, §2364 at 165. It is no bar to a dismissal that the plaintiff may obtain a tactical advantage. Barron and Holtzoff, supra, §912 at 114; Moore's Federal Practice,

-6-

supra. The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Wright and Miller, supra.

When a trial court decides to grant a motion for voluntary dismissal under Rule 41(a)(2), it is vested with wide discretion in determining what conditions may attach to the dismissal. It may, for example, require a plaintiff to pay costs and reasonable attorney fees, or it may choose to impose no conditions at all:

> "The terms and conditions that may be imposed upon the granting of a motion for voluntary dismissal are for the protection of a defendant, and in the absence of proper objections or showing of proper conditions, the court may dismiss without conditions. Each party may be required to pay his own costs, but ordinarily the dismissal should be conditioned upon the payment of costs by plaintiff." Barron and Holtzoff, supra, §914 at 123.

Plaintiff contends in this case that the trial court did not abuse its discretion in dismissing the action and awarding defendant $85 for costs and attorney fees. Plaintiff argues that the dismissal was proper because of recently discovered witnesses and the fact that defendant had suffered no prejudice because the trial had not yet commenced. Plaintiff submits that the dismissal was not sought as a tactical device to escape the motion for a directed verdict or to avoid the requirements of the pretrial order.

Defendant contends, however, that the trial court erred. Defendant argues that it suffered substantial prejudice by the dismissal--not only had it engaged in extensive pretrial discovery, but it was faced with increasing back-pay liability for plaintiff should an unfavorable judgment eventually be recovered.

In considering the positions of the parties, we note first that there is supporting federal authority for both sides. On one hand, federal courts have allowed parties to dismiss when they have discovered new evidence late in the proceedings. See, Gold v. Geo. T. Moore Sons, Inc. (1943), 3 F.R.D. 201; Union Nat. Bank of Youngstown v. Superior Steel Corp. (1949), 9 F.R.D. 117. The United States Supreme Court has also expressed its approval of a motion to dismiss under Rule 41(a)(2) in the situation where there has been a motion for a directed verdict and the court believes that, although there is a technical failure of proof, there is nevertheless a meritorious claim. Cone v. West Virginia Pulp & Paper Co. (1947), 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849. On the other hand, federal courts have denied motion for voluntary dismissal where an action has been pending for a long time and a party was not diligent in discovery. Pace v. Southern Express Co. (7th Cir. 1969), 409 F.2d 331; Paturzo v. Home Life Ins. Co. (4th Cir. 1974), 503 F.2d 333; Shaffer v. Evans (10th Cir. 1958), 263 F.2d 134; Walker v. Spencer (10th Cir. 1941), 123 F.2d 347.

We also note that there appears to be no well-settled rule with respect to the issue of whether a party's liability may be tolled and attached as a condition in the granting of a voluntary dismissal. While a court is generally given wide discretion in imposing conditions under Rule 41(a)(2), and such conditions are not merely limited to the payment of money, cases which have addressed a defendant's continuing liability for possible future actions have reached opposite results. See, Union Nat. Bank of Youngstown v. Superior Steel Corp., supra; Philadelphia Gear Works v. Kerotest Mfg. Co. (D.C. Pa. 1951), 101 F.Supp. 820.

In Union Nat. Bank, an action for infringement upon patents, the court refused to attach as a condition to the voluntary dismissal plaintiff's agreement not to assert against defendant any claims which were based upon other patents which plaintiff might have possessed during the pendency of the complaint. Yet, in Philadelphia Gear Works, another patent infringement suit, the motion to dismiss was granted on the condition that plaintiff would not assert a claim against defendant or his vendees or successors in title. Authorities interpreting these cases also adopt positions that vary. While one authority phrases the general rule by stating that a court "may condition dismissal on plaintiff's agreement not to assert certain claims in another action," another states that "the court will ordinarily refuse" such conditions. Wright and Miller, supra, §2366 at 181; Barron and Holtzoff, supra, §914 at 125-26.

In this case, what weighs most heavily in our judgment is the extent to which the defendant was prejudiced, if any, by the dismissal and whether, if substantial prejudice did occur, the defendant could have been made reasonably whole by the imposition of any curative conditions attached to the dismissal. Where such conditions may be attached, the general rule favoring the granting of the motion should be followed. The fact that defendant may suffer the prospect of a second lawsuit or that plaintiff may obtain some tactical advantage by the dismissal should not bar granting the motion. Barron and Holtzoff, supra.

Here, we find that defendant suffered substantial prejudice by the granting of the motion and that this prejudice could have been cured by imposing conditions. In view of the unsettled state of the law with respect to tolling

liability in future actions, however, we decline to say whether the trial court should have attached the tolling of any liability for plaintiff's back pay as a condition to the dismissal. We leave this matter for the trial court's consideration in the trial of the second action.

We do find, however, in view of the lateness of plaintiff's motion for dismissal, and the extensive preparation on the part of the defense, that the trial court should have attached as a condition to the dismissal a more reasonable award of costs and attorney fees. It is well settled that an award of attorney fees be based upon competent evidence. First Security Bk. of Bozeman v. Tholkes (1976), 169 Mont. 422, 429, 547 P.2d 1328, 1331; Phennicie v. Phennicie (1979), ____ Mont. ____, 604 P.2d 787, 791, 36 St.Rep. 2378, 2383. Here, the District Court awarded defendant $10 for costs and $75 for attorney fees. Despite this fact, defendant submitted detailed documentation to the court that it had expended $881.93 in costs and legal fees. The record does not reveal whether plaintiff disputed the amount or descriptions of the services and expenses. Nor does there appear any rationale by the trial court for the award or any consideration of plaintiff's financial ability to pay. The award appears to be nothing more than an arbitrary figure that the District Court selected.

There is little from which an appellate court could review the reasonableness of the award. In view of the documents and exhibits submitted in the record, we find that a more reasonable award of costs and attorney fees is proper, and we direct the court to hold a hearing regarding the determination of costs and reasonable attorney fees.

Accordingly, the judgment of the District Court is affirmed in part. The court is directed to hold a hearing and award a reasonable figure with respect to costs and attorney fees.

_____
　　　　　　　　Justice

We concur:

_____
　　　Chief Justice

_____

_____

_____
　　　Justices

-11-