NEUBAUER, APPELLANT, *v.*
KENDER, APPELLEE.

(No. 86AP-150—Decided June 24, 1986.)

*David M. Neubauer, pro se.*
*Robert W. Phillips,* for appellee A. Steven Kender, a.k.a. Albert S. Kender.

STILLMAN, J. This case is on appeal from a decision of the Franklin County Municipal Court overruling appellant's motion for relief from judgment.

On May 6, 1985, appellant filed his complaint and, on August 16, 1985, appellee filed his answer and counterclaim. After two continuances, the trial was set for December 12, 1985 at 9:00 a.m. On that date, appellee was ready to proceed to trial; however, appellant did not arrive in court until 9:30 a.m. At 9:25 a.m., the court called the case and granted default judgment for appellee on his counterclaim and dismissed appellant's complaint. Thereafter, on December 17, 1985, appellant filed a Civ. R. 60(B) motion for relief from judgment. He also filed three affidavits wherein it was alleged that the appellant received a message on December 11, 1985 from Deputy Cooper that one of appellant's witnesses had not been served with a subpoena. Appellant alleges that he called the bailiff's office, but was told that Deputy Cooper would not be in until 8:30 a.m. on December 12. Appellant then called on December 12 at 8:30 a.m., and was told that in fact the subpoena had not been served. Appellant alleges that, upon realizing that it was nearly 9:00 a.m., and not wanting to delay court, he left immediately for the court house rather than attempting to telephone the court from his office. He arrived at 9:30 a.m., five minutes after the court had previously granted default judgment for appellee.

On December 31, 1985, appellee filed a memorandum contra and an affidavit in support. On January 20, 1986, the trial court overruled the appellant's motion and reaffirmed its decision to dismiss appellant's complaint and grant default judgment for appellee on his counterclaim. The court specifically stated:

"While this decision may appear harsh to plaintiff, to rule otherwise would require defendant to assume considerable further expense to travel to Columbus, Ohio for trial, to reissue his subpoenas and for attorney fees, an inequitable burden to place on defendant since he was on time and prepared."

Thereafter, appellant filed a mo-

tion for reconsideration which was overruled, and this appeal followed.

Appellant raises the following assignments of error:

"I. The Court erred in granting appellee judgment on his counterclaim and against appellant.

"II. The Court erred in dismissing appellant's complaint.

"III. The Court erred in denying appellant's request for an evidentiary hearing on his motion for relief from judgment.

"IV. The Court erred in denying appellant's motion for relief from judgment.

"V. The judgment was contrary to law."

Since the assignments of error are interrelated, they will be addressed together.

Civ. R. 60(B)(1) provides:

"On motion and *upon such terms as are just,* the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *." (Emphasis added.)

Civ. R. 60(B)(1) is a remedial rule that must be liberally construed. *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, 18 O.O. 3d 442, 416 N.E. 2d 605. The procedure to follow when evaluating whether a Civ. R. 60(B) motion should be granted was outlined in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, paragraph two of the syllabus, as follows:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R.

60(B)(1), (2) and (3), not more than one year after the judgment, order or proceeding was entered or taken."

In the instant case, the trial court denied the Civ. R. 60(B) motion without conducting an evidentiary hearing. Generally, when a movant files the motion and it contains allegations of operative fact which would warrant relief under Civ. R. 60(B), the trial court should grant a hearing to take evidence before ruling on the motion. *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, 68 O.O. 2d 251, 316 N.E. 2d 469; *Brenner* v. *Shore* (1973), 34 Ohio App. 2d 209, 63 O.O. 2d 373, 297 N.E. 2d 550.

In the instant case, we hold that appellant's motion and affidavits alleged sufficient operative facts demonstrating a right to relief under Civ. R. 60(B). Therefore, the trial court abused its discretion by disregarding such evidence without conducting a hearing. Appellant first established that his defense to the counterclaim would have been that the tenant at the premises was liable for appellee's damages. Second, appellant's failure to appear at court at 9:00 a.m. was excusable neglect. While it certainly would have been more prudent for appellant to arrive at the court house at 8:00 a.m. and resolve his witness difficulties in person, this court cannot say that appellant's failure to so act evidences a " 'complete disregard for the judicial system.' " *Moore* v. *Emmanuel Family Training Ctr.* (1985), 18 Ohio St. 3d 64, 68, 18 OBR 96, 100, 479 N.E. 2d 879, 884, quoting from *GTE Automatic Electric, supra.* Furthermore, such conduct did not fall " 'substantially below what is reasonable under the circumstances.' " *Id.* Third, the motion was timely filed. Therefore, appellant, having alleged sufficient operative facts to prevail on a Civ. R. 60(B) motion, the trial court abused its discretion in failing to conduct a hearing.

The appropriate sanctions here would have been to award appellee his costs of attending the December 12, 1985 proceeding, plus attorney fees. Such an award would be justified under the "such terms as are just" language contained in Civ. R. 60(B). Therefore, the assignments of error are sustained, and the cause is remanded to the trial court to conduct an evidentiary hearing on appellant's motion for relief from judgment.

*Judgment reversed and cause remanded with instructions.*

STRAUSBAUGH and WHITESIDE, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.