ABRAMS ET AL., APPELLANTS, *v.* ELSOFFER ET AL., APPELLEES.

(No. 54529 — Decided
November 7, 1988.)

*Joseph E. Ujczo,* for appellants.
*Dennis H. Sherman,* for appellees.

ANN MCMANAMON, J.    Richard
Abrams, Imperial Sportswear Company, and Northfield Financial Corporation sued Malcolm and James Elsoffer for breach of an agreement to purchase the sportswear company. The Elsoffers counterclaimed. On the morning of trial Abrams moved for a continuance which the trial court denied. However, the court did grant Abrams' ensuing oral motion to dismiss, adding an order that Abrams pay $5,000 to the Elsoffers as a condition precedent to refiling the action. At the Elsoffers' request, the trial court also dismissed their counterclaim.

In two assignments of error Abrams challenges (1) the court's denial of a trial continuance, and (2) the terms of the dismissal. His first claim fails but the second is well-taken. We will discuss the latter argument first.

Abrams asserts the trial court abused its discretion in ordering a $5,000 payment as a condition precedent to his refiling the action.

The granting of an oral motion to dismiss under Civ. R. 41(A)(2) constitutes a voluntary dismissal. *Lilly* v. *Lilly* (1985), 26 Ohio App. 3d 192, 193, 26 OBR 412, 413, 499 N.E. 2d 21, 23; *Douthitt* v. *Garrison* (1981), 3 Ohio App. 3d 254, 256, 3 OBR 286, 288-289, 444 N.E. 2d 1068, 1070-1071. The rule provides, in pertinent part, that "an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper." The rule thus permits a court to structure a dismissal which prevents prejudice to the nonmoving party. *Lilly, supra; Petritz* v. *Albertsons, Inc.* (1980), 187 Mont. 102, 608 P. 2d 1089; *Dunn* v. *Fred A. Mikkelson, Inc.* (1979), 88 Wis. 2d 369, 276 N.W. 2d 748; *Sherry* v. *Sherry* (Alaska 1981), 622 P. 2d 960, 964. For example, the trial court may award costs and attorney fees incurred by a defendant before dismissal. *Sherry, supra; Petritz, supra; Dunn, supra.* Cf. *Neubauer* v. *Kender* (1986), 32 Ohio App. 3d 49, 513 N.E. 2d 1359. Such an award should be limited to those expenses which will not benefit the defendant in subsequent litigation or otherwise provide a windfall. *Brown* v. *Zackert* (1985), 10 Kan. App. 2d 466, 701 P. 2d 711; *Dunn, supra,* at 381-382, 276 N.W. 2d at 753-754.

In the instant case the Elsoffers sought $5,000 in attorney fees only in the event a second lawsuit were to be filed. However, they presented no evidence on that issue. We hold that since the court's potential award is based on speculation and is not supported by the record, it must be vacated and the cause remanded for a hearing on expenses as allowed under Civ. R. 41(A)(2). *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578. We note that the Elsoffers also retain the right to request appropriate expenses pursuant to Civ. R. 41(D)

should Abrams refile his claim. See *Hosner* v. *The Gibson Partner, Inc.* (1986), 32 Ohio Misc. 2d 4, 505 N.E. 2d 664.

Accordingly, this assignment of error is sustained.

In his first assignment of error Abrams contends the court improperly denied his motion for a continuance of trial.

The decision to grant or deny a continuance rests within the sound discretion of the trial court. *Cherry* v. *Baltimore & Ohio RR. Co.* (1972), 29 Ohio St. 2d 158, 58 O.O. 2d 352, 280 N.E. 2d 380. As the Supreme Court stated in *State, ex rel. Buck,* v. *McCabe* (1942), 140 Ohio St. 535, 24 O.O. 552, 45 N.E. 2d 763, at paragraph two of the syllabus:

"To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time."

The court set trial for August 24, 1987 with approximately one month's notice to the parties. On the morning of the scheduled trial the court found it necessary to continue the case to the next day. Each party agreed to the continuance. On the following morning Abrams' counsel explained to the court that his client had to attend a trial in Illinois and that he would be unable to proceed with the trial in Cleveland until the following day. The attorney stated Abrams only realized the conflict after leaving court the evening before.

Abrams argues the court abused its discretion in denying the continuance since he was prepared for trial on August 24 and the court did not proceed as scheduled. The record reveals that the case, which purportedly involved complex claims and counterclaims, was to be tried to a jury. It is highly unlikely the litigation could have been concluded in the one day Abrams seems to have allotted for trial. Further, we note that Abrams made no attempt to contact the court or opposing counsel in a timely fashion about the claimed conflict. In light of these facts we find the trial court reasonably denied the continuance.

Accordingly, this assignment is overruled.

The judgment of the trial court is affirmed in part, reversed in part and the cause is remanded.

*Judgment affirmed in part, reversed in part and cause remanded.*

MARKUS and NAHRA, JJ., concur.