NO. 94-186

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

UNITED STATES FIDELITY
AND GUARANTY COMPANY,
a Maryland corporation,

     Plaintiff and Appellant,

  v.

THOMAS E. RODGERS,
d/b/a THE CLANSMAN,

     Defendant and Respondent.

**FILED**

OCT 20 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the Seventeenth Judicial
District, In and for the County of Valley,
The Honorable John C. McKeon, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Barry G. O'Connell, Moore, O'Connell & Refling,
Bozeman, Montana

    For Respondent:

        Matthew W. Knierim, Christoffersen & Knierim,
Glasgow, Montana

        Robert Hurly, Glasgow, Montana

        Donald W. Molloy, Molloy Law Offices, Billings,
Montana

---

Submitted on Briefs:  August 11, 1994

Decided:  October 20, 1994

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The Seventeenth Judicial District Court, Valley County, granted plaintiff United States Fidelity and Guaranty Company's (USF&G) motion for voluntary dismissal and awarded defendant attorney fees and costs. USF&G appeals from that portion of the District Court's memorandum opinion and order which awards fees and costs to defendant. We reverse.

We frame the issues on appeal as follows:

1. Did the amount of discovery conducted by Rodgers preclude USF&G from filing a notice to dismiss under 41(a)(1)(i), M.R.Civ.P.?

2. Did the District Court abuse its discretion by conditioning USF&G's voluntary dismissal upon its paying of defendant's attorney fees and costs?

Thomas E. Rodgers owned the Clansman Bar in Glasgow, Montana. On October 28, 1992, fire completely destroyed the bar. Preliminary investigation indicated that the fire was caused by arson. Rodgers submitted a claim for insurance benefits under a fire insurance policy issued by USF&G. On February 18, 1993, USF&G filed a declaratory judgment action against Rodgers doing business as the Clansman, seeking judicial determination of its rights and responsibilities under the insurance policy.

On March 23, 1993, Rodgers filed a motion requesting that the District Court grant him additional time in which to serve and file his answer. Rodgers stated that depositions were scheduled for April 15, 1993, and that the information which he expected to

obtain from the depositions was necessary to file a meaningful and responsive answer. USF&G did not object to the motion, and the District Court ordered that Rodgers "may delay filing of its responsive pleading to Plaintiff's Complaint until twenty (20) days after the completion of the taking of depositions."

On June 24, 1993, USF&G filed a notice of voluntary dismissal pursuant to 41(a)(1)(i), M.R.Civ.P. Prior to USF&G's notice of dismissal on June 23, Rodgers did not file an answer or a summary judgment motion. Rodgers resisted the notice of dismissal. Two days later, USF&G filed a complaint for declaratory judgment in the United States District Court for the District of Montana, Billings Division. Except for the allegations of proper jurisdiction and venue contained in paragraphs III and IV, the complaint filed in federal court is virtually identical to the complaint filed in the Montana District Court.

Rodgers moved the District Court to review the voluntary dismissal filed by USF&G. In a memorandum opinion and order dated December 21, 1993, the District Court concluded that USF&G "has the right under Rule 41(a)(2) to dismiss, however this right is subject to the exercise of discretion by this court to protect the Defendant from the cost of having to prepare multiple cases in differing forums." The District Court ordered that a hearing be held later to determine Rodgers' costs and attorney fees. The hearing to determine fees and costs was held on March 9, 1994, after which the District Court ordered USF&G to pay Rodgers'

3

attorney fees of $19,713.75 and costs of $1314.85. USF&G appeals the conditional dismissal and award of fees and costs.

We review conclusions of law to determine whether the district court's interpretation of the law was correct. In re Marriage of Burris (1993), 258 Mont. 265, 269, 852 P.2d 616, 618; Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

The issues raised on appeal require this Court to interpret the provisions of 41(a), M.R.Civ.P., which provides:

> Voluntary dismissal--effect thereof. (1) By plaintiff--by stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the state of Montana, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, which ever [sic] first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.
>
> (2) By order of court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Rules 41(a) and 41(d) of the Montana Rules of Civil Procedure are identical in all respects to Rules 41(a) and 41(d) of the Federal Rules of Civil Procedure. Because the language of the state and federal rules is identical, the interpretation of the

4

federal rules have persuasive application to the interpretation of the state rules. **Petritz** v. Albertsons, Inc. **(1980)**, 187 Mont. 102, 608 **P.2d** 1089.

## ISSUE 1

Did the amount of discovery conducted by Rodgers preclude **USF&G** from filing a notice to dismiss under 41(a)(l)(i), M.R.Civ.P.?

Because **USF&G** filed its notice of voluntary dismissal under subsection (l)(i) of 41(a), M.R.Civ.P., the threshold question is whether the notice was filed "before service by the adverse party of an answer or of a motion for summary judgment . . . ." Rule 41(a)(l)(i), M.R.Civ.P. An examination of the record reveals that neither an answer nor a motion for summary judgment was filed by Rodgers before **USF&G** filed its notice of dismissal.

Rodgers contends on appeal that, because he obtained "special permission and a court **order"** allowing him to submit an answer 20 days after the completion of necessary depositions, it **"was** within his right not to have filed an answer" because he had not completed deposing necessary persons. He states that this is not **"a** case where nothing had occurred prior to the voluntary dismissal under Rule **41(a)."** By the time **USF&G** filed its notice of dismissal, Rodgers asserts that **"[t]he** case had progressed so far that filing a written pleading denying the allegations of the complaint was a mere formality."

The Sixth Circuit Court of Appeals rejected an argument substantially similar to Rodgers' in D.C. Electronics, Inc. v.

Nartron Corp. (6th Cir. 1975), 511 F.2d 294. Defendant Nartron argued that,

> since the purpose of Rule 41(a)(l)(i) "is to facilitate the voluntary dismissal of an action, but safeguard abuse of the right by limiting its application to an early stage of the proceedings," courts are vested with the discretion to determine whether a particular case has progressed to a point at which voluntary dismissal is no longer proper, even though an answer or motion for summary judgment has yet to be filed.

D.C. Electronics, Inc., 511 F.2d at 296 (citation omitted). In rejecting Nartron's argument, the court held that

> [t]he drafters of Rule 41(a)(l)(i) . . . did not attempt to effectuate their purpose by phrasing the rule in vague terms or, as in Rules 41(a)(1)(ii) and 41(a)(2), by calling for judicial involvement or the exercise of judicial discretion.

D.C. Electronics, Inc., 511 F.2d at 297. Rule 41(a)(l)(i), therefore, does not limit the filing of a notice to dismiss to a general period of time at an early stage of the proceedings; instead, the rule specifically permits the filing of a notice to dismiss "at any time before service by the adverse party of an answer or of a motion for summary judgment, which ever [sic] first occurs." Rule 41(a)(l)(i), M.R.Civ.P.

The Seventh Circuit Court of Appeals also rejected an argument similar to Rodgers' in Merit Ins. Co. v. Leatherby Ins. Co. (7th Cir. 1978), 581 F.2d 137. Defendant Leatherby contended that

> dismissal by notice should not be allowed where it would lead to prejudice. It argue[d] that the drafters of the rule [41(a)(l)(i), Fed.R.Civ.P.,] were concerned with limiting the plaintiff's right to prevent the waste of resources so that once the parties have committed substantial resources to preparation of their case voluntary dismissal would no longer be allowed.

> Leatherby **claim[ed]** that it ha[d] incurred substantial legal costs and expenses in litigation.

<u>Merit Ins. Co.</u>, 581 **F.2d** at 140. The court in <u>Merit Ins. Co.</u> stated "that 'Rule 41 (a)(1)(i) is clear and unambiguous on its face and <u>admits of no exceptions that call for the exercise of judicial discretion</u> by any court."' <u>Merit Ins. Co.</u>, 581 **F.2d** at 141 (emphasis added) (citing <u>D.C. Electronics, Inc.</u>, 511 **F.2d** at 298). Although Leatherby claimed that it had "expended great time and effort," the court held that "**[t]he** mere institution of and work on discovery . . . will not justify preclusion of a Rule 41(a)(1) notice." <u>Merit Ins. Co.</u>, 581 **F.2d** at 143; see Sheldon v. Amperex Electronic Corp. (E.D.N.Y. **1971)**, 52 F.R.D. 1, 7, **aff'd,** 449 **F.2d** 146 (2nd Cir. 1971); Scam Instruments Corp. v. Control Data Corp. (7th Cir. **1972)**, 458 **F.2d** 885, 886; Pilot Freight Carriers, Inc. v. **Int'l** Bhd. of Teamsters (5th Cir. 1975), 506 F.2d 914, 916, cert. denied, 422 U.S. 1048, 95 S. Ct. 2665, 45 L. Ed. 2d 700 (1975); see also Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc. (5th Cir. **1973)**, 474 **F.2d** 250, 253. In both <u>Sheldon</u> and <u>Scam Instruments Corp.</u>, the courts refused to set aside the plaintiffs' notices of dismissal under **41(a)(1)(i)**, Fed.R.Civ.P., even though extensive discovery had been conducted for more than a year in the former and approximately one year in the latter. <u>Sheldon,</u> 52 F.R.D. at 6; <u>Scam Instruments Corp.,</u> 458 **F.2d** at 886.

We conclude that, while in the instant case the defendant may have engaged in substantial discovery, such progress did not amount

to and cannot take the place of a formal answer or motion for summary judgment pursuant to 41(a)(1)(i), M.R.Civ.P. USF&G, therefore, properly filed its notice of dismissal under 41(a)(1)(i), M.R.Civ.P.

## ISSUE 2

Did the District Court abuse its discretion by conditioning **USF&G's** voluntary dismissal upon its paying of defendant's attorney fees and costs?

Rule 41, M.R.Civ.P., like its federal counterpart, "provides three distinct and separate methods whereby an action may be voluntarily dismissed." D.C. Electronics, Inc., 511 **F.2d** at 296. Subsection (a)(1)(i) provides for dismissal upon the unilateral filing of a notice of dismissal by the plaintiff: subsection **(a)(1)(ii)** provides for dismissal by filing a stipulation in which all parties have agreed to dismiss: and subsection (a)(2) provides for dismissal by express order of the court. D.C. Electronics, Inc., 511 **F.2d** at 296.

By its express language, 41(a)(2), M.R.Civ.P., gives the district court discretion to dismiss an action upon the plaintiff's motion and **"upon** such terms and conditions as the court deems proper." Rule 41(a)(Z), M.R.Civ.P. Under 41(a)(1)(i), M.R.Civ.P., however, a voluntary dismissal by a plaintiff automatically terminates the action upon the filing of the notice of dismissal with the clerk of court. Miller v. **Reddin** (9th Cir. **1970),** 422 **F.2d** 1264, 1266 (construing 41(a)(1)(i), Fed.R.Civ.P.); accord Scam Instruments **Corp.,** 458 **F.2d** at **888;** Hyde **Const.** Co. **v.** Koehrinq Co.

8

(10th Cir. 1968), 388 F.2d 501, 507, cert. denied, 391U.S. 905, 88 S. ct. 1654, 20 L. Ed. 2d 419 (1968). Under 41(a)(l)(i), M.R.Civ.P., no court order is required. Miller, 422 F.2d at 1266. As the Fifth Circuit Court of Appeals stated, the proper filing of a notice of dismissal

> closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

American Cyanamid Co. v. McGhee (5th Cir. 1963), 317 F.2d 295, 297.

Moreover, 41(a)(l), M.R.Civ.P., provides "no authority for the district court imposing conditions upon a motion clearly intended to proceed under 41(a)(l)(i)." Scam Instruments Corp., 458 F.2d at 889; 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2366, at 176 (1971). We conclude that the District Court abused its discretion by conditioning USF&G's voluntary dismissal upon its payment of Rodgers' fees and costs.

In its December 21, 1993, memorandum opinion, the District Court cited Petritz for the proposition that the "court is vested with 'wide discretion' to impose conditions, including an award of attorney fees and costs, which will attach to a voluntary dismissal under Rule 41." This Court's decision in Petritz, 608 P.2d 1089, however, dealt exclusively with the application of Rule 41(a)(2). The District Court in the instant case concluded that

> [i]n interpreting the similar federal rule, the federal courts have held that a trial court continues to have

9

jurisdiction to decide issues concerning Rule 11, sanctions, and other remedial orders concerning discovery practices even after the filing of a voluntary dismissal <u>under Rule 41(a) **(2)**</u>.

(Emphasis added.) Because **USF&G** filed its notice of dismissal pursuant to 41(a)(1)(i), M.R.Civ.P., the District Court's reliance on authority construing Rule 41(a)(2) is misplaced.

Finally, the District Court ordered that a hearing be held to determine "the amount of attorney fees and costs to be awarded Defendant pursuant to Rule **41(d)**." Rule 41(d), **M.R.Civ.P.**, provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Again, the District Court's application of this rule in this case is erroneous. Rule 41(d), M.R.Civ.P., clearly vests the power to award costs with the court in which the subsequent action is commenced. While Rodgers may be entitled to relief under 41(d), M.R.Civ.P., or 41(d), Fed.R.Civ.P., such relief must be sought from the federal district court in which **USF&G** commenced the subsequent action.

Reversed.

_____
Justice

10

We concur:

_____
Chief Justice

_____

_____

_____
Justices

October 20, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


BARRY G. O'CONNELL
Moore, O'Connell & Refling
P.O. Box 1288
Bozeman, MT 59771-1288

Donald W. Molloy
MOLLOY LAW OFFICES
P.O. Box 1617
Billings, MT 59103-1617

MATTHEW W. KNIERIM
Christoffersen & Knierim
P.O. Box 29
Glasgow, MT 59230

Robert Hurly
Attorney at Law
P.O. Box 1170
Glasgow, MT 59230


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy