MEMORANDUM **
Plaintiff Pasadena Oil and Gas (“Pasadena”) appeals the district court’s rulings in favor of Defendant Montana Oil Properties (“MOP”). The district court denied Pasadena’s motion to compel discovery from MOP of information about projects MOP initiated or funded after June 24, *677 2004, and then granted summary judgment to MOP. We reverse both of these decisions and remand.
There is a genuine issue of material fact as to the scope of the parties’ contract and as to whether MOP or Pasadena breached the contract. Pasadena presents evidence that the oral contract between the parties covers the entire Bakken Play, whereas MOP presents evidence that it does not. Pasadena presents evidence that MOP breached the contract and never requested any more funds from Pasadena, whereas MOP presents evidence that it did request funds and Pasadena breached by not providing them. All of MOP’s other claims about the substance of the contract fail.
Given that it is possible that MOP breached the contract and that the contract covered the entire Bakken Play, it is also possible that financial information relevant to leases funded by MOP after June 24, 2004 is discoverable. Discovery is not limited to issues raised in Pasadena’s complaint, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), and information about MOP’s oil and gas leases after June 24, 2004 is relevant to Pasadena’s claims. Fed.R.Civ.P. 26(b)(1). For this reason, although Pasadena did not necessarily plead in its complaint the specific issue of MOP’s conduct with regard to leases obtained after June 24, 2004, the complaint generally alleged various contract and tort claims that cover its current theory of the case.
Given that this information is relevant, it is MOP’s burden to show that this information is privileged from discovery. Fed.R.Civ.P. 26(b)(5)(A). MOP has not done so, averring only generally that the requested information relates to MOP’s “independent business activities.” Even assuming MOP did assert a trade secret privilege, this privilege claim would fail.
State privilege law generally applies to state claims brought in federal court pursuant to diversity jurisdiction, Fed.R.Evid. 501, and Montana’s procedural rule protecting trade secrets from discovery is worded identically to the corresponding federal rule. Mont. R. Civ. P. 26(c)(7); see also Fed.R.Civ.P. 26(c)(1)(G). Federal law guides Montana courts in interpreting state rules when the language of state and federal rules is identical. U.S. Fid. & Guar. Co. v. Rodgers, 267 Mont. 178, 882 P.2d 1037, 1039 (1994). Under federal law, there is no absolute privilege for trade secrets; instead, courts weigh the claim to privacy against the need for disclosure in each case, and district courts can enter protective orders allowing discovery but limiting the use of the discovered documents. Fed. Open Market Comm. of the Fed. Reserve Sys. v. Merrill, 443 U.S. 340, 362, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979); Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir.1992). The balancing process here tips in Pasadena’s favor. Pasadena needs information about leases obtained after June 24, 2004 to determine if these leases are relevant to its breach of contract claim and, if they are relevant and Pasadena in fact establishes a contract claim, to show damages for its claims. The district court can craft a protective order limiting the use of this information or placing it under seal, if it believes that such protection is necessary.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.