FILED

11/15/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0189

DA 16-0189

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 296N

CARLA OVA,

   Plaintiff and Appellee,

  v.

OAKLAND HOME BUILDERS CORPORATION
and GARY E. OAKLAND,

   Defendants and Appellants.

OAKLAND HOME BUILDERS CORPORATION,

   Cross-Claim Plaintiff and Appellant,

  v.

TREASURE STATE PLUMBING AND HEATING CORPORATION,

   Cross-Claim Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District,<br>In and For the County of Yellowstone, Cause No. DV 08-1339<br>Honorable Gregory R. Todd, Presiding Judge |

COUNSEL OF RECORD:

   For Appellant:

     W. Scott Green, Patten, Peterman, Bekkedahl & Green, PLLC, Billings, Montana
     (*Attorney for Oakland Home Builders Corporation*)

     Eric Edward Nord, Crist, Krogh & Nord, PLLC, Billings, Montana
     (*Attorney for Gary E. Oakland*)

   For Appellee:

     David P. Legare, David Legare Law, Billings, Montana
     (*Attorney for Carla Ova*)

     Leonard H. Smith, Crowley Fleck, PLLP, Billings, Montana
     (*Attorney for Treasure State Plumbing and Heating Corporation*)

Submitted on Briefs:  September 7, 2016

Decided:  November 15, 2016

Filed:

_____
                    Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Oakland Home Builders Corporation (OHB) and Gary Oakland appeal from a jury verdict entered against them in August 2015, and associated orders, and from a February 2016 order of the Thirteenth Judicial District Court, Yellowstone County, dismissing Carla Ova's claims against them with prejudice. We affirm.

¶3	In August 2015, a jury returned a verdict of $1.74 million dollars in favor of Ova and against OHB and Oakland. After trial, Appellants' insurer, Mid-Continent Casualty Company (Mid-Continent), settled with Ova. In exchange, Ova released Appellants from liability and filed a motion to dismiss her claims against Appellants with prejudice. Appellants objected to the dismissal and moved for attorney's fees and costs. The District Court granted Ova's motion without granting fees and costs to Appellants, and dismissed the case with prejudice.

¶4	On appeal, OHB and Oakland raise a myriad of claims in seeking reversal of the jury verdict. However, as Ova points out, "[w]hether an appeal is justiciable is a threshold question that this Court determines before proceeding to the merits." *Serrania v. LPH, Inc.*, 2015 MT 113, ¶ 12, 379 Mont. 17, 347 P.3d 1237. "An appeal is moot and non-justiciable when 'an intervening event or change in circumstances' renders this Court

3

unable 'to grant effective relief or to restore the parties to their original position.'" *Serrania*, ¶ 14 (quoting *Progressive Direct Ins. Co. v. Stuivenga*, 2012 MT 75, ¶ 17, 364 Mont. 390, 276 P.3d 867). In the instant case, Ova has released Oakland and OHB from liability pursuant to her settlement with Mid-Continent. The controversy between Ova and OHB and Oakland leading to the jury verdict, which arose out of damage caused to the foundation of Ova's home by Appellants' actions, ceased to exist when the District Court dismissed her claims with prejudice. Therefore, if the dismissal of the case was proper, the claims raised by OHB and Oakland on appeal related to the jury verdict are moot.

¶5 OHB argues the District Court erred in dismissing the case because the dismissal will cause substantial prejudice to OHB and, alternatively, if the dismissal was proper, curative conditions should be imposed. M. R. Civ. P. 41(a)(2) allows a district court to dismiss an action, by court order, on terms that the court considers proper. We review a district court's dismissal of an action under Rule 41(a)(2) for an abuse of discretion. *Peritz v. Alberstons, Inc.*, 187 Mont. 102, 107, 608 P.2d 1089, 1092 (1980).

¶6 In cases where the dismissal is *without* prejudice, "[t]he general rule is that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Peritz*, 187 Mont. at 107, 608 P.2d at 1092 (citation omitted). When granting a motion for dismissal under Rule 41(a)(2), a district court may "require a plaintiff to pay costs and reasonable attorney fees, or it may choose to impose no conditions at all[.]" *Peritz*, 187 Mont. at 108, 608 P.2d at 1092. Where a dismissal is *with* prejudice there can be no second suit as the subsequent claim

4

would be barred by res judicata. Under the circumstances here, there is no cognizable argument that can support Appellants' premise that they will suffer plain legal prejudice as a result of the dismissal.[1] Therefore, we determine that the District Court did not abuse its discretion in dismissing the action against OHB and Oakland on Ova's motion.

¶7 Appellants argue they are entitled to attorney's fees and costs and ask us to rule that a dismissal with prejudice transforms a defendant into a prevailing party, thereby entitling it to costs under M. R. Civ. P. 54(d). We have held that "[c]osts are generally allowable to the prevailing party pursuant to Rule 54(d) . . . unless the court directs otherwise, except when expressly provided by statute." *Pankratz Farms, Inc. v. Pankratz*, 2004 MT 180, ¶ 90, 322 Mont. 133, 95 P.3d 671. Appellants do not cite any statutory authority for an award of costs to them as "a prevailing party" under these circumstances. The District Court did not abuse its discretion in directing that Appellants were not entitled to attorney's fees and costs. We further determine that the District Court did not abuse its discretion in choosing not to impose curative conditions on the dismissal.

¶8 In summary, because we determine that the dismissal of Ova's claims was proper, the issues raised by OHB and Oakland on appeal as to the propriety of the jury verdict are moot. Further, even if we were to find that the issues presented on appeal were not moot, Appellants have not established a coherent avenue for relief on appeal. "Voluntary dismissal of an action with prejudice constitutes a final judgment on the merits." *Touris*

---

[1] Appellants' claims of prejudice relate to their concerns about potential liability for some or all of the settlement amount. They are currently in litigation against Mid-Continent on issues relating to coverage for the underlying actions in this case.

*v. Flathead County*, 2011 MT 165, ¶ 15, 361 Mont. 172, 258 P.3d 1. The grounds upon which a party may seek relief from a final judgment are outlined in M. R. Civ. P. 60(b)(1)-(6). Appellants have not presented any argument invoking the provisions of Rule 60.

¶9    Finally, Ova asks this Court to award attorney's fees and costs incurred during the instant appeal. Under M. R. App. P. 32, this Court may impose sanctions against a party for filing a frivolous appeal. *Murphy Homes, Inc. v. Muller*, 2007 MT 140, ¶ 89, 337 Mont. 411, 162 P.3d 106. "As a general rule, we will not impose sanctions pursuant to [Rule 32] unless the appeal is entirely unfounded and intended to cause delay or unless counsel's actions otherwise constitute an abuse of the judicial system." *Murphy Homes, Inc.*, ¶ 90. We decline to award Ova attorney's fees and costs incurred during the instant appeal.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of this Court, this case presents a question controlled by settled law.

¶11    Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE